IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02313-WYD

IN RE: ROBERT JAMES ROSER

    Debtor,

---

SOVEREIGN BANK,

    Appellant,

v.

DANIEL A. HEPNER, CHAPTER 7 TRUSTEE,

    Appellee,

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

THIS MATTER comes before the Court on the appeal by Appellant Sovereign Bank ("Sovereign") from an order issued by the Bankruptcy Court made in Adversary Proceeding number 07-15763-MER. This appeal arises from the Bankruptcy Court's October 15, 2008 Order holding that Sovereign's security interest in a motor vehicle included in the property of Debtor Robert Roser's bankruptcy estate may be avoided by the Trustee pursuant to 11 U.S.C. § 544(a).

Sovereign asserts that the Bankruptcy Court, guided by the reasoning of the Bankruptcy Appellate Panel for the Tenth Circuit in *In re O'Neill*, 370 B.R. 332 (10th Cir. BAP 2007), erred in ruling that its security interest in a motor vehicle could be set aside

by the Trustee.  Specifically, Sovereign argues its motor vehicle lien was properly and timely perfected pursuant to the language of the relevant Colorado statutes and cannot be set aside through the Trustee's avoidance action under Bankruptcy Code 11 U.S.C. § 544(a).  For the reasons stated below, I am not persuaded by Sovereign's argument and affirm the decision by the Bankruptcy Court.

II.     BACKGROUND

The facts are undisputed.  On May 19, 2007, Debtor Robert Roser ("Debtor") purchased and took possession of a motor vehicle from a seller in Greeley, Colorado.  Sovereign financed the purchase, loaning the Debtor $22,289.87, which was to be repaid through installment payments.  On June 7, 2007, nineteen days after the purchase of the vehicle, Sovereign filed the title documents and fees necessary for recording its lien with the Clerk and Recorder of Weld County, Colorado, as required by Colorado law.  Colo. Rev. Stat. § 42-6-121.  In the interim, on May 31, 2007, the Debtor filed his voluntary Chapter 7 bankruptcy petition.  On September 12, 2007, the Trustee filed his Complaint commencing an adversary proceeding in the bankruptcy case against Sovereign to set aside its security interest in the vehicle.  On July 16, 2008, the Bankruptcy Court held an evidentiary hearing on this issue and thereafter issued a written order on October 15, 2008.  Sovereign now appeals the Bankruptcy Court's ruling.

III.    ANALYSIS

A.      Standard of Review

On appeal, I may affirm, modify, or reverse the Bankruptcy Court's order, or

remand with instructions for further proceedings. *Kimco Leasing, Inc. v. Knee,* 144 B.R. 1001, 1005 (N.D.Ill. 1992). I must review the findings of fact under a "clearly erroneous" standard. *Id.* A "finding of fact is clearly erroneous if it is without factual support in the record or if, after a review of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir. 1990). I must review the Bankruptcy Court's conclusions of law, on the other hand, *de novo. Id.* "The burden of proof is on the party seeking to reverse a bankruptcy court's holding." *In re Johnson*, 236 B.R. 510, 518 (D.C.Cir. 1999). "That party must show that the court's holding was clearly erroneous as to its assessment of the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached." *Id.* Further, "remedial statutes such as the Bankruptcy Code are generally held to be liberally construed in favor of the debtor in order to better facilitate that debtor's fresh start." 157 B.R. 268, 272 (Bankr. W.D.Va. 1993).

      B.    <u>Whether the Bankruptcy Court Erred in Ruling that Sovereign's Security Interest in a Motor Vehicle Could be Set Aside by the Chapter 7 Trustee</u>

In the pending appeal, Sovereign argues that the Bankruptcy Court committed reversible error when it ruled that Sovereign's security interest in the motor vehicle may be avoided by the Trustee because it was unperfected as of the date of the Debtor's Chapter 7 bankruptcy filing. Since the facts are undisputed and thus, this is a question of law, I must conduct a *de novo* review of the Bankruptcy Court's conclusions of law.

      1.    <u>Powers of the Trustee</u>

First, I turn to 11 U.S.C. § 544(a) of the Bankruptcy Code. Section 544(a)

provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Thus, § 544(a) "confers on a trustee in bankruptcy the same rights that an ideal hypothetical lien claimant without notice possesses as of the date the bankruptcy petition is filed." *In re Charles*, 323 F.3d 841, 842 (10th Cir. 2003). In other words, a trustee may avoid any unperfected liens on property belonging to the bankruptcy estate. *Id.* "The determination of whether a creditor's security interest is unperfected, and therefore avoidable under § 544(a), is controlled by state law." *Id.* However, the trustee's rights are subject to certain limitations set forth in 11 U.S.C. § 546(b). The relevant provision is as follows:

> The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that–

> (A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection . . .

11 U.S.C. § 546(b).

Applying this law to the case at hand, I find that the Trustee acquired the same rights in the motor vehicle as an ideal judgment lien creditor would possess as of May 31, 2007, the date the Debtor's Chapter 7 petition was filed. Thus, in order to analyze the issue of whether Sovereign's security interest was unperfected and therefore unavoidable under § 544(a), I must turn to the relevant Colorado law. The inquiry becomes whether, under § 546, there is any "generally applicable [Colorado] law" that would permit perfection of Sovereign's lien to be effective against the Trustee.

### 2. Colorado UCC

In its brief, Sovereign argues that the language of Colo. Rev. Stat. § 4-9-317(e) gives its security interest priority over the rights of the Trustee. Colo. Rev. Stat. § 4-9-317(e), which is part of the Colorado UCC, provides in pertinent part:

> [I]f a person files a financing statement with respect to a purchase-money security interest before or within twenty days after the debtor receives delivery of the collateral, the security interest takes priority over the rights of a buyer, lessee, or lien creditor which arise between the time the security interest attaches and the time of filing.

Sovereign also cites to another provision of the Colorado UCC, Colo. Rev. Stat. § 4-9-311(b), which states as follows:

> (b) Compliance with the requirements of a statute, regulation, or treaty described in subsection (a) of this section for obtaining priority over the rights of a lien creditor is equivalent to the filing of a financing statement under this article. Except as otherwise provided in subsection (d) of this section and sections 4-9-313 and 4-9-316(d) and (e) for goods covered by

> a certificate of title, a security interest in property subject to a statute, regulation, or treaty described in subsection (a) of this section may be perfected only by compliance with those requirements, and a security interest so perfected remains perfected notwithstanding a change in the use or transfer of possession of the collateral.

Here, Sovereign claims that the above provisions are "generally applicable law," allowing it to perfect its purchase money security interest in the motor vehicle within twenty days from the date the Debtor took possession, and the perfection will relate back to that earlier date. It is undisputed that Sovereign perfected its security interest in the motor vehicle on June 7, 2007, nineteen days after Debtor purchased and took possession of the vehicle. Thus, Sovereign states that because its security interest was perfected on May 19, 2007, the date the Debtor took possession, it cannot be avoided by the Trustee because the bankruptcy petition was not filed until May 31, 2007.

        3.        Colorado Certificate of Title Act ("CCTA")

Relying heavily on *O'Neil*, the Bankruptcy Court rejected Sovereign's argument that the provisions of the Colorado UCC should control the priority of liens on motor vehicles. The Bankruptcy Court echoed the *O'Neil* Court's reasoning and found that the CCTA, not the UCC, governs the perfection of security interests in motor vehicles. Colo. Rev. Stat. § 42-6-120(1) of the CCTA provides:

> (1) Except as provided in this section, the provisions of the "Uniform Commercial Code", title 4, C.R.S., relating to the **filing, recording, releasing, renewal, and extension** of chattel mortgages, as the term is defined in section 42-6-102(9), **shall not apply to motor vehicles**. Any mortgage or refinancing of a mortgage intended by the parties to the mortgage or refinancing to encumber or create a lien on a motor vehicle, or to be perfected as a valid lien against the rights of third persons, purchasers for value without notice, mortgagees, or creditors of the owner, shall be filed for public record. The fact of filing shall be noted on the

> owner's certificate of title or bill of sale substantially in the manner provided in section 42-6-121.

(emphasis added). Based on its review of both the Colorado UCC and the CCTA, the Bankruptcy Court found that the perfection of a motor vehicle lien "clearly falls within the statutory framework of Colo. Rev. Stat. § 42-6-121, and all UCC provisions are excluded." (Bankruptcy Court's October 15, 2008 Order at 6.) I agree.

First, I find that basic principles of Colorado statutory interpretation support the Bankruptcy's Court's conclusion. "[W]here a statute is clear and unambiguous, the Colorado Supreme Court refuses to apply any rules of statutory construction." *Planned Parenthood of Rocky Mountain Services, Corp.,* 287 F.3d 910, 922 (10th Cir. 2002). After reviewing the relevant statutes, I find that the language of Colo. Rev. Stat. § 42-6-120(1) is explicit in that the provisions of the UCC do not apply to motor vehicles. The language, "filing, recording, releasing, renewal, and extension of chattel mortgages, as the term is defined in section 42-6-102(9), shall not apply to motor vehicles" is clear, and I find no ambiguity in the statutory language. Colo. Rev. Stat. § 42-6-120(1). Thus, Sovereign's argument that I should employ the doctrine of *in pari materia*, a rule of statutory construction, is rejected.

Second, Sovereign argues extensively that both the Bankruptcy Court and the Bankruptcy Appellate Panel embraced the "extreme position" that the "mere existence of the CCTA completely preempts" the relevant UCC provisions. (Sovereign's Reply Br. at 5.) However, I find Sovereign's reliance on commentaries on Article 9 and case law from other jurisdictions to be unavailing especially when there is authority from this

circuit squarely on point. After reviewing the Tenth Circuit Bankruptcy Appellate Panel's decision in *O'Neil*, I am not convinced that there has been an erroneous interpretation of the law.

Finally, I find that Sovereign has failed to meet its burden of proof to reverse the Bankruptcy Court's order. Sovereign has not shown that the Bankruptcy Court's interpretation of the law was erroneous. Instead, Sovereign put forth non-binding authority to argue that the Bankruptcy Court should have reached a different conclusion. While I recognize that Sovereign is unhappy with the Bankruptcy Court's ruling, this is not grounds for reversal. I do not find that, under § 546, there is any "generally applicable [Colorado] law" that would permit perfection of Sovereign's lien to be effective against the Trustee. Based on the record before me, I find that the Bankruptcy Court examined the arguments of both parties along with the relevant law, and made sound and well-reasoned findings. Accordingly, I find that there is no evidence in the record of any error with respect to the holding that Sovereign's security interest in a motor vehicle included in the property of Debtor Robert Roser's bankruptcy estate may be avoided by the Trustee pursuant to 11 U.S.C. § 544(a)

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that Sovereign's appeal of the Bankruptcy Court's October 15, 2008 Order holding that Sovereign's security interest in a motor vehicle included in the property of Debtor Robert Roser's bankruptcy estate may be avoided by the Trustee pursuant to 11 U.S.C. § 544(a) is without merit. The Bankruptcy Court's October 15,

2008 Order is **AFFIRMED**, and this appeal is **DISMISSED.**

Dated: July 6, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge